# CASES

IN THE

# SUPREME JUDICIAL COURT

IN

## THE COUNTY OF WALDO, JULY TERM, 1829.

---

## WILKINS & AL. *vs.* REED & AL.

*A.* and *B.* being joint owners of a vessel, *A.* who was master, purchased supplies for her, giving therefor a negotiable note in his own name and that of *B.* jointly, but without authority from *B.*—In an action by the promisee against *A.* and *B.* brought upon this note, with the usual general counts for money and goods, and an *insimul computassent*, it was *held*—that the note being void as to *B.* it was no extinguishment of the original implied promise of both the owners; and that therefore the plaintiff might well recover against both, on the general counts.

THIS was an action of *assumpsit* by the promisees against the makers of a promissory note; with the common money counts, a *quantum valebant*, and an *insimul computassent*.

At the trial, before *Weston J.* it appeared that all the counts were for one and the same original cause of action;—and that the defendants *Reed* and *Libby* were joint owners of a schooner, of which *Reed* was master, and for which the plaintiffs furnished the supplies mentioned in the writ, taking therefor a negotiable promissory note signed by *Reed* in his own name and that of *Libby*, jointly. The defendant *Libby* pleaded that he never promised jointly with *Reed*; and contended that the note was void, as against him, for want of authority in *Reed* to bind him in that manner; and that he was not liable on

the general counts, the implied contract on which they were founded having been merged in the note given by *Reed*, which was negotiable.

But *Weston J.* before whom the cause was tried, instructed the jury that the note was accepted in payment of the account only on the faith that both of the defendants were holden thereon ;—that if one of them disclaimed his liability, and was not bound, he was still holden on the original cause of action ; that *Libby* neither was nor had been in danger of being twice charged ;—that if not holden upon the note, he could not have been liable to a third person to whom it might have been negotiated ;—and that therefore he remained answer‑ able, with the other defendant, to the plaintiffs, for the value of the supplies furnished.    And they accordingly returned a verdict for the plaintiffs ; which was taken subject to the opinion of the court upon the correctness of the instructions given them.

*Crosby*, for the plaintiffs.

*Wilson*, for the defendants.

Mellen C. J. delivered the opinion of the Court.

The note declared on is in form a joint one, and the case finds that it was never signed by *Libby*, or by his authority ; and therefore the action is not maintainable on the first count ; and the only ques‑ tion is whether it is on either of the general counts upon the original cause of action.—The note being negotiable, is said to have merg‑ ed all implied promises, and that therefore the remedy of the plain‑ tiffs exists only against *Reed* upon the note, on which he may sustain a several action against him.    There is no doubt as to the principle relied on by the defendants, where the parties to the implied and the express promise are the same.    Nor is there any doubt that when a creditor of two persons, knowingly and intentionally takes the securi‑ ty of one of them only, which security is valid in law, the other origi‑ nal debtor is considered as discharged.    But in the present case there is no pretence for supposing that the plaintiffs ever intended to extin‑ guish the liability of *Libby*.    The very form of the signature of the note proves the contrary.    *Libby* never could be sued on the origi‑ nal account, except by the present plaintiffs ; and in such an action.

the verdict and judgment in this action would be pleadable in bar. He cannot, therefore, be endangered, as the note is void in respect to him. Perfect justice has been done by the verdict; and both defendants are safe. Our opinion is that the instructions of the judge were correct. *Judgment on the verdict.*