Hyde v. Paige.

———◆———

CLINTON GENERAL TERM, July, 1850. *Willard, Hand, and Cady*, Justices.

HYDE and others *vs.* PAIGE.

Where a person purchases goods as agent for another, and the vendor, with full knowledge of the agency, takes the note of the agent, for the purchase money, and relies upon his credit, he can not afterwards resort to the principal.

APPEAL from the Washington county court. Paige sued the Hydes before a justice, in assumpsit for grain, goods, &c. sold. The defendants pleaded the general issue. The suit was commenced in February, 1847. A judgment was rendered in favor of the plaintiff, which was removed to the county court of Washington county, and that court reversed the judgment of the justice on the ground that the plaintiff had taken the note of one Moulton, the defendants' agent, in payment for the goods, and relied upon that alone. All the facts necessary to understand the case will appear in the opinion of the court.

*By the Court*, HAND, J. I think the only point in the case is, whether Paige, the plaintiff below, can call upon the defendants below, after taking Moulton's note for the price of the goods sold. Moulton testified that he bought the hay of the plaintiff

for the defendants, in 1839 or 1840, and gave his own note for the amount, which he had never paid, and that he was insolvent. The plaintiff wanted Moulton's note, who declined at first to give it, saying the hay was for Hyde, for whom he was purchasing it. But the plaintiff insisted upon Moulton's own note, which he finally gave. The note was payable on demand, and there was no p it had been given up. Moulton was the only witne and it is impossible not to see that the plaintiff relied entirely upon Moulton to pay for the hay.

Where a vendor sells goods to an agent, and with full knowledge of the agency, takes the note of the agent, for the purchase money, and relies upon his credit, he can not resort to the principal. (*Beebee* v. *Robert*, 12 *Wend.* 417. *Pentz* v. *Stanton*, 10 *Id.* 275. *Patterson* v. *Gandasequi*, 15 *East*, 62. *Emly* v. *Lye*, *Id.* 7. *Addison* v. *Gandasequi*, 4 *Taunt.* 574. *And see Waydell* v. *Luer*, 3 *Denio*, 410.) It clearly appears that this was done in this case. Six or seven years have elapsed, and the agent has failed in business, and now the vendor attempts to collect the debt of the principal. This he can not do.

It is said this was a question of fact for the justice, and that his finding is conclusive. But there is no conflict of evidence. The only witness in the cause was called by the plaintiff, and he is clear, distinct and unequivocal in his relation of this portion of the transaction.

There being no dispute about what the witness testified, nor any ambiguity or doubt as to the meaning of his language, the facts are undisputed, and the effect of his testimony becomes matter of law.

The judgment of the county court must be affirmed.