HENRY AMES PACKING AND PROVISION COMPANY, Appellant, *v.* THOMAS TUCKER, Respondent.

### November 25, 1879.

Where a creditor, with knowledge of the principal's liability, takes the agent's individual note without taking any steps indicative of an intent to hold the principal, this is equivalent to a discharge of the principal, as a matter of law.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

GIVEN CAMPBELL, for the appellant: The question is one of intention. Who was intended to be made responsible — the principal or the agent? A question of fact, to be determined by the circumstances of the transaction. — *Coleman* v. *Bank*, 53 N. Y. 394; *Hodgson* v. *Dexter*, 1 Cranch. 363; *Sheffield* v. *Watson*, 3 Caines, 72; *Gill* v. *Brown*, 12 Johns. 385; *Walker* v. *Swartout*, 12 Johns. 444; *Stehn* v. *Fasnacht*, 20 La. An. 84. The liability of the principal depends upon the acts done, and not merely upon the form in which it is executed. — *Bank* v. *Bank*, 5 Wheat. 337; *Stave Co.* v. *Bank*, 6 How. 381; *Ford* v. *Williams*, 21 How. 289; *Nash* v. *Towne*, 6 Wall. 703; *Calder* v. *Dobell*, L. R. 6 C. P. 486.

PRICE & FLEMING, for the respondent: " If the principal and agent are both known, and exclusive credit is given to the latter, the principal will not be liable." — Whart. on Ag., sect. 472; 4 Taun. 574; 15 East, 62; *Coleman* v. *Bank*, 53 N. Y. 388. Where a party dealing with an agent, with a knowledge of the principal, gives credit to the agent, he is bound by his choice. — *Stehn* v. *Fasnacht*, 20 La. An. 83; *Shattuck* v. *Eastman*, 12 Allen, 370; *Brown* v. *Randall*, 15 N. H. 360; *Pydnor* v. *Hurd*, 8 Texas, 98; *Hinsdale* v. *Partridge*, 14 Vt. 547; *Coxe* v. *Devine*, 5 Harr. (Del.) 575; *Rankin* v. *Deforest*, 18 Barb. 143; *Violet* v. *Powell*, 10 B. Mon. 348.

HAYDEN, J., delivered the opinion of the court.

This is a suit to recover a balance on an account arising, as plaintiff alleges, out of a transaction by which the plaintiff sold to one Finch, as agent for the defendant, certain mess-pork, and made advances upon the same to the defendant. The substance of the defence is that the defendant employed Finch, as agent, to buy pork for defendant, of plaintiff and another, and that plaintiff, knowing that Finch was agent of the defendant, elected to trust Finch; that, a large quantity of defendant's pork being stored with plain-

tiff, the latter agreed with Finch, then acting for defendant, to " carry " this pork and advance money on it; that accordingly the plaintiff, holding the pork as security, advanced to Finch a large sum, accepting for it Finch's note, secured by the pork, with power of sale ; that after carrying the pork for four months, plaintiff sold it upon Finch's default, credited the proceeds, and now sues the defendant for the balance.

The evidence tended to show that the defendant was buying pork on speculation and holding it for a rise. Finch, in buying for the defendant, as well as in the carrying transaction, disclosed the fact that he was acting for the defendant. When the plaintiff made the advances, it took the note of Finch, holding the pork, which was worth the money, as security, and afterwards at times, called on Finch for " margins." On the plaintiff's part there was testimony tending to show that Finch was a broker and not a man of means, while the defendant was known to be responsible ; that the defendant was, to the knowledge of the plaintiff, appealed to by Finch on one occasion, and sent Finch money, which the latter turned over to the plaintiff; that the contracts and notes were in Finch's name because the defendant was absent. There was judgment for the defendant.

This suit was originally brought against Finch and Tucker, but was dismissed as to Finch. The plaintiff contends that the defendant failed to show that exclusive credit was given to Finch, or that there was any intention to absolve the defendant, and that hence the court below erred in refusing an instruction to the effect that the defendant had made out no defence. But the instructions given accurately express the law, and it is clear there is evidence to support the finding which the court made upon their basis. The court ruled that if plaintiff, knowing that Finch was acting as agent for the defendant, accepted from Finch his notes, retaining the pork as security ; that the account of the deal-

ings was kept on plaintiff's books in Finch's name — these facts together constituted an election on plaintiff's part to look to Finch and not to the defendant.

The plaintiff, it is clear, had full knowledge that it could have held the defendant by taking steps to do so ; and where, with such knowledge, a creditor does those acts which in law constitute an election to hold the agent, this is a surrender of his right to pursue the principal. The leading case on this subject is *Paterson* v. *Gandasequi*, 2 Smith's Ld. Cas. *349 ; and the more recent authorities fully sustain the law as laid down by the court below. Where the creditor, with knowledge of the principal's liability, sees fit to take the individual note of the agent, without taking, at the time of the transaction, any steps indicative of an intent to hold the principal, this is equivalent to a discharge of the principal, as a matter of law. *Paige* v. *Stone*, 10 Metc. 169 ; *Wilkins* v. *Reed*, 6 Me. 220 ; *French* v. *Price*, 24 Pick. 22 ; *Hyde* v. *Paige*, 9 Barb. 150. The doctrine of these cases is the better doctrine, and it is no hardship upon the creditor that, in the absence of any act warning the principal, and while signifying so strongly an intent not to hold the latter, the creditor should be precluded from afterwards pursuing the principal. Knowing the facts, the creditor can always take steps.

The case of *Coleman* v. *Bank*, 53 N. Y. 393, and the recent English case of *Calder* v. *Dobell*, L. R. 6 C. P. 486, do not go so far as the above. But even under the rule laid down in those cases the defendant would here be discharged. Parol evidence was received in explanation of the written contracts, and the court below found, as may be inferred from the giving of the plaintiff's first instruction, that the plaintiff intended to look only to Finch, as a matter of fact.

The judgment is affirmed. All the judges concur.