C. SCHEPFLIN ET AL., Appellants, v. A. DESSAR ET AL., Respondents.

St. Louis Court of Appeals, February 9, 1886.

1. AGENCY—PRINCIPAL AND AGENT.—A creditor, who, with knowledge of the principal's liability, takes no steps to hold the principal, but takes the agent's individual note for the debt, upon the strength of which the principal allows the agent credit therefor in settlement, can not afterwards recover of the principal.

2. PRACTICE—DELIVERY OF NOTE FOR CANCELLATION.—There can be no recovery upon an original cause of action after the giving of a note

in settlement thereof, without the production of the note for cancellation at the trial.

B. AGENCY—PRACTICE.—One can not retain the agent's individual note given in settlement of a demand upon which the principal is liable, and recover against the principal on the original cause of action.

4. ——— ESTOPPEL.—Acts of a creditor which lead the principal to believe that the agent alone will be held liable, estop him from asserting the demand against the principal, after the latter has accounted to the agent for the amount.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

NOBLE & ORRICK, for the appellants: The acceptance of the note of J. T. Hooker & Son, under the circumstances shown in the record, for the amount of the account sued on, does not conclude the appellant from holding the respondents liable as for goods sold and delivered, the note not having been paid, and respondents having received the goods with notice at the time of their purchase for their account. *Pentz v. Stanton*, 10 Wend. 278; 5 Taunt. 356; *French v. Price*, 24 Pick. 13. If the agent's authority is not clear, the purchase was afterwards ratified by respondents, by accepting the goods, after notice of this purchase. 6 Lans. 502; *Watson v. Lidgelow*, 47 Mo. 413. A party, dealing with an agent has a right to resort to his principal to compel performance of a contract entered into by the agent, with the authority and for the benefit of his principal, unless credit was exclusively given to the agent. *Re Troy Woolen Co.*, 8 Nat. Bk. R. 414. Whether credit is given to agent or principal is a question of fact for jury. *Little v. Stettheimer*, 13 Mo. 572; *Evans v. Bond*, 15 Mo. App. 581. This is a proper case, under the evidence, in which the jury should have determined the question of fact—who was intended to be made responsible? See, *Coleman v. First Nat. Bank*, 53 N. Y. 394; *Hodgson v. Dexter*, 1 Cranch, 363; *Gill v. Brown*, 12 Johns. 385;

*Bank v. Bank*, 5 Wheat. 337 (18 U. S. Bk. 5, L. Ed. 103) ; *Nash v. Towne*, 5 Wall. 703 (73 U. S. Bk. 18, L. Ed. 530).

ALBERT ARNSTEIN, for the respondents : Where a creditor, with the knowledge of the principal's liability, sees fit to take the individual note of the agent, and does nothing to apprise the principal that he will be looked to for payment, this is equivalent to a discharge of the principal, as a matter of law. *Ames Pack. & Prov. Co. v. Tucker*, 8 Mo. App. 95 ; *Addison v. Gandasequi*, 2 Sm. Lead. Cas. *369 ; *Paterson v. Gandasequi*, 2 Sm., Lead. Cas. *360 ; *Paige v. Stone*, 10 Met. 169 ; *Wilkins v. Reed*, 6 Me. 220 ; *French v. Price*, 24 Pick. 22 ; *Violett v. Powell's Adm'r*, 10 B. Mon. 347 ; *Ford v. Williams*, 21 How. 287 (62 U. S. Bk. 16, L. Ed. 36); *Bush v. Devine*, 5 Harr. (Del.) 375 ; *Clealand v. Walker*, 11 Ala. 1058 ; *Thompson v. Davenport*, 9 Barn. & C. 78, 86, 87; *Hyde v. Paige*, 9 Barb. 150. Where a vendor credits the agents of a disclosed principal, and the principal, after the credit given to his agent has expired, and before he is advised that the vendor intends to look to him for payment, makes a final settlement of his account with his agent, the vendor can not subsequently look to the principal for the debt. Whart. Agen. sect. 469 ; Story, Agen., sect. 449, 9 Ed.; Paley, Agen. 248 ; *Thompson v. Davenport*, 9 Barn. & Cres. 88, 89 ; *Smyth v. Anderson*, 7 C. B. 21 ; *Irvine v. Watson*, L. R. 5 Q. B. D. 102 ; *Kymer v. Suwercropp*, 1 Camp. 109 ; *Heald v. Kenworthy*, 10 Ex. 745.

THOMPSON, J., delivered the opinion of the court.

This is an action on an account for goods sold and delivered. The court instructed the jury that, under the pleadings and evidence, the plaintiffs could not recover. The question for decision, therefore, is whether, under the pleadings, there was evidence sufficient to take the case to the jury. We are of opinion that there was not.

The substantial facts were, that the plaintiffs were

manufacturers of clothing at Plainfield, New Jersey; that the defendants were wholesale dealers in clothing at New York; that J. T. Hooker & Son were the general agents for the sale of clothing for the defendants at St. Louis, and known to the plaintiffs to be such; that the goods in question were ordered of the plaintiffs by J. T. Hooker & Son mostly through a traveling agent of the plaintiffs, and were billed by the plaintiffs to J. T. Hooker & Son; that these purchases were reported by Hooker & Son to the defendants, who made no objection thereto; that thereafter, namely, on November 15, 1883, the plaintiffs rendered to J. T. Hooker & Son a statement of their account against J. T. Hooker & Son, adding at the bottom the following request: "We need paper, and if you do not intend to discount, please send notes and oblige." That in compliance with this request J. T. Hooker & Son, on December 7, sent to the plaintiffs their negotiable promissory note for the proper amount to settle the bill, dated back to October 6, 1883, the average date at which the items fell due, payable six months after date; that thereafter, on December 10, the plaintiffs wrote to Hooker & Son acknowledging the reception of the note "in settlement of the account." It was admitted at the trial that this note was unpaid, was still in the possession of the plaintiffs, and was given in settlement of the account in controversy. Thereafter, on January 7, 1884, J. T. Hooker & Son rendered an account to the defendants, as their agents, in which they reported that they had paid the plaintiffs the sum named in the notes, and the defendants thereupon credited J. T. Hooker & Son with this amount. The defendants were not advised that this statement was false until about March 1, 1884, nor were they informed by the plaintiffs that the plaintiffs would look to them for payment until June or July, 1884, after the note of J. T. Hooker & Son had matured, and had been dishonored, and after the defendants had settled with and discharged J. T. Hooker & Son as their agents, and closed out their business rela-

tions with them. J. T. Hooker & Son were insolvent. Of the goods for which this action is brought about two-thirds had been sold by J. T. Hooker & Son, and the proceeds accounted for to the defendants at the time they closed their business connection with J. T. Hooker & Son, and the remainder were taken possession of by the defendants. An attempt is made by the plaintiffs in their petition and evidence to establish an identity between J. T. Hooker & Son and the defendants; in other words, to make it appear that J. T. Hooker & Son were the defendants under another name; that is to say, that the defendants were doing business in New York by their proper firm name of Dessar, Wise & Company, and in St. Louis by the name of their agents, J. T. Hooker & Son. But this attempt was merely an ingenious effort to present a state of facts which would take the case out of a rule of law, which will be hereafter stated, and was not sustained by any substantial evidence. The evidence showed that the business in St. Louis was conducted un-.der the name of Dessar, Wise & Company; that above the door of the place of business there was a sign bearing the words "Dessar, Wise & Co.," in large letters, and that by the side of the door was a similar sign reading "Dessar, Wise & Co., Hooker & Son, managers."

It thus appears that the plaintiffs sold the goods to the defendants through their agents, and, subsequently, of their own accord, took the individual notes of the agents in settlement, and did not apprise the defendants that they looked to them for payment until after the defendants had settled with their agents; allowing them a corresponding credit. Upon such a state of facts, the law clearly is that the plaintiffs have disabled themselves from recovering of the defendants.

This case is governed by the case of *Ames Packing & Prov. Co. v. Tucker* (8 Mo. App. 95), where it was held by this court, following the leading case of *Patterson v. Gandasequi* (2 Sm. L. Cas. 349), and more recent authorities, that "where the creditor with knowledge of the principal's liability sees fit to take the individual note of

the agent, without taking, at the time of the transaction, any steps indicative of an intent to hold the principal, this is equivalent to a discharge of the principal as a matter of law." The case is much stronger where, as in this case, the principal being apprised of the fact that the creditor has then elected to look to the agent, settles with the agent, and allows him a corresponding credit. To allow the creditor under such circumstances to undo the settlement with the agent and proceed against the principal, might, where the agent had in the meantime become insolvent, have the effect of compelling the principal to pay the debt twice without fault on his part. Not only the obvious justice of the case, but a strong consensus of judicial authority indicates that this can not be done. *Thompson v. Davenport,* 9 Barn & Cres. 78, 88, 89; *Horsfall v. Fauntleroy,* 10 *Id.* 755; *Smyth v. Anderson,* 7 C. B. 21; *Irvine v. Watson,* L. R. 5 Q. B. Div. 102; *Kymer v. Suwercropp,* 1 Camp. 109; *Heald v. Kenworthy,* 10 Ex. 739, 745; *Armstrong v. Stokes,* L. R. 7 Q. B. 599; *Macfarlane v. Giannacopulo,* 3 H. & N. 859; *Cheever v. Smith,* 15 Johns. 276; *Clealand v. Walker,* 11 Ala. 1058; *Bush v. Devine,* 5 Har. (Del.) 375; *Brown v. B. & O. Tel. Co.,* 30 Md. 39.

Another ground is presented by the above facts, which is equally fatal to a recovery. The petition alleges, and the plaintiffs endeavor to prove, that J. T. Hooker & Son were Dessar, Wise & Company. Let us suppose that this is true. The plaintiffs, then, in taking the note of J. T. Hooker & Son, took the note of Dessar, Wise & Company. But it is admitted that they have this note still in their possession. They did not produce it at the trial and offer to surrender or cancel it. Upon their own standpoint, then, while holding the defendants' note, given in settlement of the account sued on, they are endeavoring to recover upon the account itself. This can not be done. The rule is, that, although the giving of a note in settlement of an account does not extinguish the original cause of action, but only suspends it until the maturity of the note, unless the under-

standing of the parties is that it is given in payment, yet where a note has been thus given, the creditor can not recover on the original cause of action without producing the note at the trial, and offering to surrender or cancel it. *Steamboat v. Lumm*, 9 Mo. 64; *McMurray v. Taylor*, 30 Mo. 263.

But in this case, the plaintiffs' real position under the facts is even worse than their position upon their hypothesis on the facts. They are not merely seeking to keep the defendants' note, and, at the same time, get a judgment against the defendants, upon the cause of action for which the note was given; they are seeking to keep the note of the defendants' agents, and at the same time to get a judgment against the defendants upon the cause of action for which this note was given. In other words, for the debt which was originally that of a principal merely, they are endeavoring, as far as they can, to hold both the principal and the agent.

This suggests the ground upon which the rule announced by this court in *Ames Packing & Prov. Co. v. Tucker*, *supra*, is sometimes put, the doctrine of election between remedies. This doctrine is generally applied in cases where a party deals with the agent of an undisclosed principal and gives credit to the agent as a principal. He is at liberty, on discovering the principal, to elect either to hold the agent or the principal; but he can not hold both. Pollock, Cont. 102.

The principle equally governs where he contracts with the agent of a known principal, acting for the principal, and the agent nevertheless tenders himself as principal. If he elects to accept the agent as his debtor, he can not afterwards reverse his action and proceed against the principal. "The other party," says Dr. Pollock, "may choose to give credit to the agent exclusively after discovering the principal; and in that case he can not afterwards hold the principal liable; and statements or conduct of the party which led the principal to believe that the agent only will be held liable, and on the face of which the principal acts, will have

the same result," (Pollock, Cont. 102), a statement of doctrine which fits and decides the case before us.

The case of *Evans v. Bond* (abstracted in 15 Mo. App. 581), is not opposed to the above doctrine but is in confirmation of it.

It is true that there is a general rule of law in this state that the taking by a creditor of the note of a third person for a pre-existing debt does not amount to payment of such pre-existing debt, unless the creditor expressly agrees to take such note as payment. *Commiskey v. McPike, ante,* p. 82 (2 West. Rep. 410) and cases there cited.

Speaking for myself only, I am not prepared to say that there is an essential distinction in principle between the act of the creditor in taking the note of a third person, a stranger to the transaction, and his act in taking the note of the agent, because where the agent acts professedly for a disclosed principal, he is, in respect of any personal liability to pay the debt, no more than a third person. But it is the misfortune of the common law, which has been built up in the course of ages by judicial decisions, rendered to answer particular exigencies, that it is not a uniform and scientific body of principles. Many of its leading rules can not be generalized, without encountering exceptions ; and the rule of agency, which we uphold and administer in this case, may perhaps be regarded as an exception to the more general rule stated and applied in *Commiskey v. McPike, supra.* However this may be, it is a rule of commercial law laid down by this court after full consideration, in conformity with judicial authority of the highest persuasive force, and we, therefore, do not feel at liberty to depart from it.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.