Dawdy v. Dawdy's Estate.

MARY DAWDY, Appellant, v. DAWDY'S ESTATE, Respondent.

Kansas City Court of Appeals, April 2, 1906.

1. **Witnesses: Deceased Husband: Incompetent Wife: Lost Instrument.** The wife sued on a note given by the husband prior to the marriage alleging that the same was lost. There was no evidence of the loss and the wife offered herself as a witness to prove the loss. *Held,* she was incompetent under the statute.

2. **Bills and Notes: Payment: Loss: Debt.** An action was on a note in the first count and in the second for work and labor and in the third for money had and received. The evidence showed the execution and delivery of the note but there was proof of its loss. *Held,* there could be no recovery on either count, though the making of the note did not extinguish the debt.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Rieger & Rieger* and *O. D. Jones* for appellant.

(1) The record shows the defendants made no oral statement to be put in the transcript on the appeal from the probate court, filed no answer there. In such case it is presumed the defendant pleaded general issue, a general denial. Reed v. Snodgrass, 55 Mo. 180; Bank v. Williamson, 61 Mo. 259. Under the general issue the defendant may "give in evidence any matter showing that the plaintiff never had any cause of action." 2 Greenl., Ev., sec. 135. (2) The plaintiff was a competent witness to show that the note sued on was lost by having been destroyed. In so doing she does not testify to sustain a cause of action to which one party is dead; only to show the paper, the best evidence of it, is not in existence, so as to admit secondary evidence of it by other witnesses. It is a matter of necessity if that fact is proven. Maget v. Maget, 85 Mo. App. 6; Schwiekert v. Schwiekert, 108 Mo. App. 477; 30 Am. and Eng. Ency. Law (2 Ed.), p. 1036 and notes. (3) Her affidavit of destruction of the note is sufficient to admit secondary evidence of its contents. Watson v. Blymer Co., 66 Tex. 558; 29 Amer. and Eng. Ency. Law (1 Ed.), p. 738, and authority cited in note 1; Parker v. Edwards, 85 Ala. 264; Stephens v. Witter, 88 Ia. 630; Milam v. Milam, 60 Ind. 58; Keech v. Cowles, 34 Ia. 261. At common law the party was competent and our statutes have all been enabling rather than disabling acts. (4) The plaintiff was competent to testify as to the loss and destruction of the note —clearly that since the date of the appointment of the administrator the note had not been in her possession as it had been destroyed. Sec. 4652, R. S. 1899; McGlothlin v. Hemery, 59 Mo. 213; Leeper v. Taylor, 111 Mo. 312-22; Stillwell v. Patton, 108 Mo. 352-9. (5) But even if that ruling and every other one adverse to plaintiff had been correct, they did not effect her right to go

to the jury on the other two counts in her petition; at least the one for work and labor done. The oral statement as answer does not deny one allegation of that count for work and labor done. It admits she worked and served in the family several years. The testimony of the existence of the note was beyond doubt. The court admitted it saving the question of the evidence of its destruction. (6) And when undisputed evidence of its existence is introduced, it is held that slight evidence is sufficient to show its loss to admit secondary evidence of its contents. Christy v. Cavanaugh, 45 Mo. 375; McConey v. Wallace, 22 Mo. App. 377; Stephan v. Metzger, 95 Mo. App. 609; State v. Goodhue, 74 Mo. App. 162; Pierce v. Gregory, 103 Mo. 540; Kleiman v. Geiselman, 114 Mo. 437; Orchard v. Collier, 171 Mo. 390.

*Charles E. Murrell* and *Higbee & Mills* for respondent.

(1) The facts stated in the pleading, and the attempt to prove the contents by parol raise a suspicion of fraud; the law wisely requires the party to fully explain the circumstances of the loss or non-production of the paper so as to relieve himself from any reasonable suspicion of having connived at its loss before secondary evidence will be received. 2 Elliott, Ev., sec. 1454, p. 688, et seq. 19 Am. and Eng. Ency. Law (2 Ed), 570, par. 4, and 575, par. 7. (2) It is believed that the doctrine of necessity has no application. Hach v. Rollins, 158 Mo. 182, 190. (3) Under the allegation, it devolved on plaintiff to prove that the note was destroyed by her husband's order while the marital relation existed. Plaintiff was a party to the alleged note and to the cause of action; the other party was dead. She was incompetent at common law and under the statute, sec. 4652. Patton v. Fox, 169 Mo. 107; Henry v. Buddecke, 81 Mo. App. 365. There was no error in excluding the plaintiff as a witness. (4) The verdict of the jury being upon the first count was a finding against plaintiff on the second

and third counts. Plaintiff did not appeal, and the case was upon the first count. She could not have the benefit of an appeal without taking an appeal. Hoyle v. Farquharson, 80 Mo. 377; Downing v. Railway, 70 Mo. App. 657, 662. (5) But it is expressly averred in those counts that the note was taken in settlement of the causes pleaded. "The creditor cannot recover on the original cause of action without producing the note at the trial, and offering to surrender or cancel it." This was the ground upon which the trial court bottomed his ruling; it was fatal to plaintiff's recovery. Scheplin v. Dessar, 20 Mo. App. 574; O'Bryan v. Jones, 38 Mo. App. 94.

BROADDUS, P. J.—The plaintiff, as the widow of B. M. Dawdy, deceased, brought her action in the probate court against the administrator of the estate. The statement is in three counts, the first on an alleged lost note executed by the deceased and made payable to the plaintiff under the name of Mary Virden, for the sum of $750, bearing interest at the rate of eight per cent per annum, due in one year from date. The second count is on account, for the sum of $750, and is for services rendered the deceased and his family from 1871 to the 25th day of October, 1895. These services are alleged as the consideration for the said note. The third count is for money had and received. The claim is also for $750, and is for the same debt mentioned in the two former counts. B. M. Dawdy died in April, 1903, and plaintiff's claim was filed in the probate court on the 18th of January, 1905, and was exhibited to the administrator on February 4, 1905. The plaintiff married deceased on the 28th day of October, 1895, at which time her name was Mary Virden. The case was tried in the probate court, where plaintiff obtained judgment on the first count in her statement and the heirs of the deceased appeared to the circuit court, where, on trial anew, the jury under

a peremptory instruction returned a verdict for the administrator, and plaintiff appealed. The administrator filed no answer, but his counsel made a statement of his defense to the action. There was testimony to the effect that the plaintiff prior to her marriage to the deceased worked for him and his family as a servant for twenty-five or thirty years, for which services she was to receive pay at the rate of one dollar per week and that he executed to her a note for $750, but there is no evidence that it was lost or destroyed. The plaintiff offered in person to testify that the note was destroyed and that it was not and had not been in her possession since the date of the appointment of the administrator. On objection this offer was refused by the court. The plaintiff insists that under the circumstances the evidence offered of the plaintiff was competent under authority of Shanklin v. McCracken, 140 Mo. 348. In that case the wife was permitted to testify to the fact that she saw certain deeds delivered to her husband. The court held the evidence competent as she derived her knowledge wholly by the exercise of her sense of sight alone, and that the ruling was not in conflict with section 8922, Revised Statutes 1899. The evidence offered was clearly inadmissible under our statute, section 465, Revised Statutes 1899, among other things, containing the following: "Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify in his own favor or in favor of any party to the action claiming under him" et cetera. This section excludes a party to a suit from testifying in such cases and the fact that plaintiff was the wife gives her no greater right to testify than any other person in reference to a contract made with her deceased husband. But plaintiff contends that she was entitled to a verdict on the second count, as the proof was ample that she rendered the services to deceased alleged in said count.

As the plaintiff proved that the deceased excuted to her a note for such services, although it was not an extinguishment of the debt, she was not entitled to recover without producing the note. [Steamboat v. Lumm, 9 Mo. 64; McMurray v. Taylor, 30 Mo. 263; Schepflin v. Dessar, 20 Mo. App. 569.] The plaintiff failing to account for the note, she was not entitled to recover on any of her counts. Affirmed. All concur.