JAMES O. COLEMAN, Respondent, *v.* THE FIRST NATIONAL BANK OF ELMIRA, Appellant.

The rule that parol evidence cannot be given to contradict or vary a written agreement, is limited to the parties actually contracting with each other by the agreement and their privies ; it cannot be evoked by a stranger to the contract.

Nor does it preclude a party, who has contracted with an agent, from maintaining an action against the principal, upon parol proof that the contract was, in fact, made for the principal, although the agency was not disclosed by the contract and was not known to such party at the time of making it.

If the party accepts the individual obligation of the agent under circumstances indicating an intent, with full knowledge of all the acts, to give sole credit to the agent, and to abandon all claim against the principal, then his election will bind him, and he cannot subsequently resort to the principal. Unless this distinctly appears, however, he is not concluded by the form of the contract.

Plaintiff handed a sum of money to defendant's teller, in its banking office and over its counter, stating he desired to leave it on deposit with the bank ; the teller gave to him a certificate, which was in form an acknowledgment that plaintiff had deposited the money with Van C., and contained a personal obligation on the part of the latter to repay the amount. Van C. was the defendant's president ; the certificate was signed by him, but not in his official capacity. Defendant was not named in it, and there was nothing on its face indicating that the money was deposited with the bank, or that it assumed any obligation in respect thereto. Plaintiff did not read the certificate when he received it. In an action to recover the amount of the deposit, *held* that plaintiff was not precluded by the certificate ; that the doctrine of constructive notice of its contents from the fact of possession

thereof, did not apply, and that it was a question of fact for the jury whether the deposit was with defendant or Van C.

(Argued June 10, 1873; decided September 23, 1873.)

APPEAL from judgment, in favor of plaintiff, of the General Term of the Supreme Court in the third judicial department, entered upon an order denying motion for a new trial and directing judgment upon a verdict.

This action was brought to recover the sum of $570, alleged to have been deposited by plaintiff with defendant.

The plaintiff, on March 7, 1867, went to the First National Bank of Elmira, the defendant, for the purpose of depositing the sum of $570. That sum was in a draft; the plaintiff presented the same to the teller of the bank, saying that he wanted to deposit it in the bank; the teller asked him if he wanted interest upon it, he said he did; and thereupon the teller, without anything further being said, handed to him a certificate of deposit, which he took, without examining, supposing it to be a regular bank certificate.

The following is a copy of the certificate:

> " OFFICE OF S. R. VAN CAMPEN,
> ELMIRA, N. Y., *March 7th*, 1867.
>
> James O. Coleman has deposited in this office, five hundred and seventy dollars, payable to his order with interest at five per cent if left six months, or four per cent if left thirty days, on the return of this certificate.
>
> { Interest certifi-
> { cate. $570. }                S. R. VAN CAMPEN."

Van Campen was president of defendant's bank.

The plaintiff testified that he cannot read or write anything except his own name, and the certificate being in the usual shape and form of bank certificates, he put the same in his pocket without examining it, or having any one examine it.

Van Campen was not present when this deposit was made and certificate given, the plaintiff did not know him and had never seen him. The plaintiff, upon learning that the certificate issued to him was not the certificate of the bank,

immediately returned the same to the bank and demanded a bank certificate, and upon that being refused, he demanded payment of the money he had deposited, and upon that being refused he brought this action. The jury rendered a verdict for the amount of the deposit and interest. Exceptions were ordered to be heard at first instance at General Term.

*Murdoch & Stephens* for the appellant. In the absence of fraud or mistake the parties are concluded by the certificate received by plaintiff at the time of making the deposit. (39 N. Y., 211; 38 id., 119; 5 id., 229; 4 id., 486; 40 id., 60; 48 id., 132, 202; 44 id., 382; 43 id., 236; 1 Wend., 424; 10 id., 277; 3 id., 94; 40 Barb., 119; 49 id., 599; 1 Hill, 116; 2 Pars. Notes and Bills, 501–509.) The form of the certificate is sufficient to create a mutual obligation binding upon both parties. (5 N. Y., 229; 8 id., 402; 24 id., 183, 178; 41 id., 179; 49 id., 390; 8 Barb., 202; 13 id., 353; 6 id., 458; 41 id., 435; 30 id., 292; 26 id., 298; 2 Sand. Ch., 251.) The certificate cannot be changed by parol proof. (8 Barb., 205; 6 id., 458; 11 id., 36; 4 Hill, 104; 8 N. Y., 405; 48 id., 208.) Plaintiff had constructive notice of contents of certificate, and is estopped from disputing it. (29 N. Y., 222; *Claflin* v. *F. and C. Bk.*, 25 id., 299; 48 id., 132, 142; 16 id., 128; 33 id., 72, 73; 44 id., 382; 43 id., 236; 5 Den., 837; *Clark Nat. Bk.* v. *Bk. of Albion*, 52 Barb., 592; 23 id., 179; 13 id., 353; 2 J. R., 404; 12 id., 427; 1 Hilt., 313; 2 E. D. S., 363.)

*Smith & Hill* for the respondent. The certificate may be explained by parol. (*Hotchkiss* v. *Mosher*, 48 N. Y., 478; *Van Buskirk* v. *Roberts*, 31 id., 306; *Quimby* v. *Vanderbilt*, 17 id., 306; *Buswell* v. *Pioneer*, 37 id., 312; *Eaton* v. *Alger*, 2 Keyes, 41; *Terry* v. *Wheeler*, 25 N. Y., 520; *Wilkins* v. *Whyland*, 24 id., 338.) The certificate was only an ordinary receipt. (*Tobey* v. *Barber*, 5 J. R., 68; *White* v *Parker*, 8 Barb., 48, 69; *Robinson* v. *Frost*, 14 id., 536, 544 *Phelps* v. *Bostwick*, 22 id., 314.) The bank is liable upon

the certificate. (*Nat. Bk. of Watertown* v. *Landon*, 45 N. Y., 410; *Gates* v. *Brower*, 9 id., 205; *Beebe* v. *Roberts*, 12 Wend., 413; *Hick* v. *Whitmore*, id., 548; *Muldon* v. *Whitlock*, 1 Cow., 548; *Porter* v. *Talcott*, id., 359; *N. E. M. Ins. Co.* v. *De Wolf*, 8 Pick., 56; *Com. Bk.* v. *French*, 21 id., 486; Story on Agency, §§ 160, 446; *Collins* v. *Butts*, 10 Wend., 400.) The act of the president in issuing the certificate was a fraud, and plaintiff has a right of action to recover back the money. (*Cooke* v. *Nathan*, 16 Barb., 342; *Gale* v. *Gale*, 19 id., 249; *Brown* v. *Montgomery*, 20 N. Y., 287; *Van Bracklin* v. *Fonda*, 12 J. R., 468.) The bank, by permitting its president to do this private business, enabled him to commit a wrong, for which it is liable. (*Rawles* v. *Deshler*, 3 Keyes, 572; *Smith* v. *Em. Ins. Co.*, 26 Barb., 497; *N. R. Bk.* v. *Aymar*, 3 Hill, 263; *Sandford* v. *Hardy*, 23 Wend., 260; *Vallett* v. *Parker*, 6 id., 620; *City Bk. of N. H.* v. *Perkins*, 4 Bosw., 420; *Johnson* v. *Jones*, 4 Barb., 369; *Bridenbecker* v. *Lowell*, 32 id., 9; *Hunter* v. *H. B. L. and M. Co.*, 20 id., 494; *Dunning* v. *Roberts*, 35 id., 463; *Devendorf* v. *Beardsley*, 23 id., 657; *Perkins* v. *Wash. Ins. Co.*, 4 Cow., 645; *Com. Bk. L. E.* v. *Norton*, 1 Hill, 501; *F. and. M. Bk. of Kent Co.* v. *B. and D. Bk.*, 16 N. Y., 125; *Griswold* v. *Haven*, 25 id., 695; *Bennett* v. *Judson*, 21 id., 238; *Cook* v. *Adams*, 1 Bosw., 497; 4 Kern., 623; *Bk. U. S.* v. *Davis*, 2 Hill, 657; *Jeffrey* v. *Bigelow*, 13 Wend., 518.)

ANDREWS, J. The certificate given to the plaintiff at the time of the deposit is not signed by Van Campen in his official character, but is in form an acknowledgment that the plaintiff had deposited with him the money claimed in this action, coupled with his personal undertaking to repay the amount deposited with interest according to the terms of the certificate. The bank is not named in it, nor is there anything on its face which indicates that the money had been deposited with the bank, or that it had assumed any obligation in respect thereto. The learned judge at the trial

submitted to the jury the question whether in fact the transaction between the plaintiff and the teller of the bank was a deposit of the money with the bank or with Van Campen, and the jury by their verdict have found that the deposit was made with the defendant.   The evidence supports this conclusion.   The money was paid by the plaintiff over the counter of the bank to an officer in charge of its business, who was informed when he received it that the plaintiff wished to leave it with the bank.   The name of Van Campen was not mentioned, and the plaintiff did not know and had never seen him.   The receipt of money on deposit was a part of the ordinary business of the defendant.   The money was paid to and received by the teller of the bank, and up to the point when the certificate was given, the dealing, as shown by the acts of the parties, was between the plaintiff and the bank, and not between the plaintiff and Van Campen.   Leaving out of view the certificate, the liability of the defendant is clear.   The bank received the money of the plaintiff as a deposit, and thereupon it became bound upon an implied contract to repay it upon demand.

It is insisted, however, that the certificate issued to the plaintiff at the time of the deposit conclusively establishes that the transaction was with Van Campen and upon his sole credit. The certificate is said to be a written contract, by which alone the right of the plaintiff is to be determined, and that parol proof that the deposit was made with the bank or tending to establish a liability of the bank was inadmissible, as in violation of the rule that parol evidence cannot be given to contradict a written instrument.   The rule that when parties have reduced a contract between them to writing, the writing alone, in the absence of fraud or mistake, is to be referred to, to define their respective rights and liabilities, and that all preliminary negotiations are to be deemed merged in, and if inconsistent therewith superseded, by the written contract, is supported as well by considerations of policy as by judicial decision.   But assuming that the certificate signed by Van Campen when accepted by the plaintiff became a written

contract between them, parol evidence that the bank received the money as a deposit did not contradict any written agreement between the bank and the plaintiff, for they had made none. The real issue on the trial was whether the bank or Van Campen was the depositary. Unexplained, the fact that the plaintiff accepted the certificate of Van Campen was strong if not conclusive evidence that the bank was not a party to the transaction; but it was evidence only, and was subject to explanation by parol proof, without violating the rule referred to. In *Barry* v. *Ransom* (12 N. Y., 464), Denio, J., in speaking of the rule, says: "It is a valuable principle, which we would be unwilling to draw in question, but we think it is limited to the stipulations between the parties actually contracting with each other by the written instrument." The rule does not preclude a party who has entered into a written contract with an agent from maintaining an action against the principal, upon parol proof that the contract was made in fact for the principal, where the agency was not disclosed by the contract, and was not known to the plaintiff when it was made, or where there was no intention to rely upon the credit of the agent to the exclusion of the principal. Such proof does not contradict the written contract. It superadds a liability against the principal to that existing against the agent. That parol evidence may be introduced in such a case to charge the principal, while it would be inadmissible to discharge the agent, is well settled by authority. (*Ford* v. *Williams*, 21 How. [U. S.], 207; *Higgins* v. *Senior*, 8 M. & W., 834; Parker, J., *Short* v. *Spoakman*, 2 B. & Ad., 962; *Taintor* v. *Prendergast*, 3 Hill, 72; *Gates* v. *Brower*, 9 N. Y., 205.)

The jury having found that the money was in fact deposited with the bank, the case then in one aspect is that of a depositor taking the personal certificate and obligation of a person who was at the time the chief financial officer and agent of the bank for its repayment. If he did this under circumstances indicating an intention to give the sole credit to Van Campen, knowing as he did that the bank was the real principal, then

his election would bind him, and he could not subsequently resort to the bank on the insolvency of the agent. (*Patterson* v. *Gandasequi*, 15 East, 62; *Addison* v. *Gandassequi*, 4 Taunt., 573.) But one who deals with an agent is not concluded from resorting to the principal unless it distinctly appears that, with full knowledge of all the facts, he elected to take the sole responsibility of the agent, and that he designed to abandon any claim against the principal. (*Thompson* v. *Davenport*, 9 B. & C., 78.) In this case, upon the facts found by the jury, no such intention can be inferred. If the plaintiff had examined the certificate, he would have been apprised of the fact that it purported to be the individual obligation of Van Campen. But he did not do so. He had a right to suppose that it was the proper acknowledgment of the bank with which the money was deposited. The doctrine of constructive notice, from the possession of the certificate, would be misapplied if, in this case, it should be held to exempt the bank from liability.

These views dispose of the case, and render it unnecessary to consider whether the certificate issued to the plaintiff may not be treated as the obligation of the bank, and whether the bank is not precluded as against the plaintiff from denying it.

The other exceptions in the case are immaterial in view of the disposition made of the principal question.

The judgment should be affirmed, with costs

All concur.

Judgment affirmed.