THOMAS D. GREEN, RESPONDENT, *v.* ALBERT SKEEL AND CHARLES W. SKEEL, IMPLEADED WITH CALISTA SKEEL, APPELLANTS.

2h 485|
83 AD 619|

*Note — When principal bound by addition of word "agent" to his agent's name.*

Where a person adds the word "agent" to his name signed to a written instrument, and it is shown that he was at that time engaged in the business of his agency, the principal will be bound by the contract.
*De Witt* v. *Walton* (5 Seld., 571) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered at the Onondaga Circuit.

The action was brought upon a promissory note, signed by William Skeel, agent, and indorsed by the defendants above named.

*H. Ballard*, for the appellants, cited *De Witt* v. *Walton* (5 Seld., 571); *Pumpelly* v. *Phelps* (40 N. Y., 67); Story on Agency

(§ 147); 2 Kent Com. (9th ed.), 852; *Townsend* v. *Hubbard* (4 Hill, 351).

*Andrew H. Green*, for the respondent. It was proper to sue the note in name of the principal, and show by parol that the agent had authority, and did sign for her. (Edwards on Bills and Prom. Notes, 81, 83; Story on Agency, §§ 154, 160 *a*, 162, 270, 291, 446; Greenleaf on Ev., §§ 287, 288; *Brockway* v. *Allen*, 17 Wend., 40; *Evans v. Wells*, 22 Wend., 325–340; *Hicks* v. *Hinde*, 9 Barb., 528; *Coleman* v. *First Nat. Bk.*, 53 N. Y., 388.) It is no defense to the indorsers. (Edwards on Bills, 191; *State Bank* v. *Fearing*, 16 Pick., 533; *Mott* v. *Hicks*, 1 Cow., 539; 88 Eng Com. Law., 265.) They cannot dispute the legal capacity of maker. (Greenleaf on Ev., § 207, p. 292; Story on Bills, 74 (ed. 1860), §§ 110, 111; Edwards on Bills, etc., 282, 290, 686; *Erwin* v. *Downs* 15, N. Y., 575; *Delaware Bank* v. *Jarvis*, 20 N. Y., 226; *Troy City Bank* v. *Lauman*, 19 N. Y., 477, 479; *Burrill* v. *Smith*, 7 Pick., 294; 5 Wheat., 326; *McGregor* v. *Rhodes*, 88 Eng. Com. Law, 265.)

MULLIN, P. J.:

The defendants are sued as indorsers of a note, purporting to be made by William Skeel, agent, for the sum of $300, payable in four months, at the Syracuse National Bank, and dated 21st April, 1873.

The defense is, that, since the making and indorsing of said note, the word "*agt.*" has been added to the name of William Skeel, and that it was not on the note when indorsed by the defendants.

On the trial, William Skeel was called and examined as a witness, on the part and behalf of the plaintiff, and testified, in substance, that his wife, Calista Skeel, at the date of said note, was doing business in her own right, at Summit Station, where the note is dated; that he was acting for her as her agent, and the note was made in such business, and had the word agent annexed to his name when it was indorsed by the defendants.

The defendants were examined, and testified that the word "*agt.*" was not on the note when indorsed by them, and they did not know that Calista was carrying on business of any kind when the note was indorsed by them.

The jury rendered a verdict for plaintiff, for amount of the note

and interest, on which judgment was entered, and the defendants appeal. The verdict established conclusively, that the note was made by Skeel as agent for his wife, and that the word "*agt.*" was on it when it was indorsed by defendants. It was competent for the plaintiff to show, that Mrs. Skeel was the party for whose benefit the note was made and indorsed.*

It is difficult to reconcile the cases, so as to ascertain, with certainty, when a principal is bound by a writing, executed by a person who signs the same as agent. But it seems to be pretty well settled, that when the person, signing his name with the word "agent" added, is in fact the agent of the principal, and the writing is executed in the course of the business of such agency, the principal is bound by a contract signed with the agent's name, with the word "*agent*" added.

This position is at war with the ruling in the case of *De Witt* v. *Walton*,† but that case has not been followed, if it is to be understood as deciding that the principal is not bound in any case by a writing, signed by the agent in his own name, with the word "*agent*" added. It is possible that a different conclusion would have been arrived at in that case, had it been alleged and proved, that the person signing the note was the agent of the defendant in the business of publishing the Churchman, and that the notes were given in the course of that business; but the principal difficulty in the mind of SELDEN, J., was, that the contract did not, on its face, purport to be the contract of the defendant. If that was essential, no proof could have been given that would charge the defendant.

If Mrs. Skeel was not bound by the note, the addition of the word agent to the husband's name, did not affect the liability of any party to the note. Skeel was, in that event, maker, and personally liable as such.

The judgment is right and must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

* Coleman v. First Nat. Bank of Elmira, 53 N. Y., 388 ; Story on Agency, 155.
† 5 Seld., 571.