JEANNETTE CORSE, Respondent, *v.* JOSHUA S. PECK et al., Appellants.

Parol evidence may. not be given of the negotiations which preceded or conversations which accompanied the making of a written contract, in relation to the subject-matter thereof, unless necessary to explain ambiguous provisions, the meaning of which cannot be ascertained with certainty by the inspection of the written instrument.

By a written contract between the parties plaintiff sold to defendants two million brick, to be delivered by two vessels named, " or other boats of equal capacity," in case they were withdrawn, " beginning about June 1, 1886, and vessels to run.steadily thereafter." In an action to recover for brick delivered under the contract defendants set up as a counter-claim a breach on the part of plaintiff, and proved a delivery in June by plaintiff to other parties of a cargo of brick carried by a vessel which had been substituted in place of one of those named in the contract. Over five hundred thousand brick were delivered in June. Plaintiff claimed a modification of the contract and was permitted to prove, under objection and exception, that the oral bargain preceding the signing of the contract was.for the delivery of only five hundred thousand brick each month, and that immediately after the contract was presented to and signed by plaintiff, her agent read it over a second time and called the attention of defendants' agent to the omission of a provision limiting the delivery to five hundred thousand per month, but on the assurance of said agent that a delivery of that number would be satisfactory, nothing further was done; also, that a few days after executing the contract, upon complaint of plaintiff's agent that it was not drawn according to the agreement, defendants' agent stated that all the plaintiff had to do was to send five hundred thousand brick a month and defendants would be perfectly satisfied. *Held* error; that the evidence was inadmissible to limit the obligation of the plaintiff as stated in the written contract ; that the contract made the carrying capacity of the vessels running steadily and not a specified number of brick a month, the measure of the deliveries until the whole number should be furnished ; also, that the evidence did not tend to show a modification of the contract and so was not competent upon that issue.

Also *held,* a refusal of the court to charge, that to establish a modification of the contract it must be shown that there was a new agreement made subsequent to its execution and delivery, was error.

(Argued April 29, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 18, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order deny-ing a motion for a new trial.

This action was brought to recover a balance alleged to be due plaintiff from defendants for brick sold and delivered.

The material facts are stated in the opinion.

*George S. Hamlin* for appellants. The court erred in permit-ting parol evidence of the original contract between the parties. (*Cox* v. *Bennett,* 1 Green, 167 ; *Pallen* v. *Le Roy,* 30 N. Y. 560 ; Greenl. Ev., §§ 277, 282.) The admission of evi-dence to reform the contract, under the circumstances, would be in disregard of all rules of pleading and evidence. (*Marsh* v. *McNair,* 99 N. Y. 180 ; *Mott* v. *Richtmyer,* 57 id. 59 ; *Bush* v. *Tilly,* 49 Barb. 599 ; *Maher* v. *Hibernia Ins. Co.,* 67 N. Y. 283, 291.) The allegation of a subsequent modification of the written contract did not obviate the objections to the parol evidence. (Greenl. Ev., § 303 ; Cowen and Hill's Note, *n.* 985, p. 1478 ; *La Farge* v. *Rickett,* 5 Wend. 187 ; *Frost* v. *Ever-ett,* 5 Cow. 497, 468 ; *Cox* v. *Bennett,* 1 Green, 167–8.) It is only when the language is ambiguous that the court is at liberty to arrive at the intent of the parties by construction. (2 Pars. on Cont. [4th ed.] 11 ; Broom's Leg. Max. [6th Am. ed.] 456 ; *White* v. *Hoyt,* 73 N. Y. 512 ; *Pitney* v. *Glens Falls Ins. Co.,* 65 id. 17 ; *Marston* v. *Cope,* 28 id. 180 ; *Jus-tice* v. *Lang,* 52 id. 326.)

*P. Cantine* for respondent. Although the complaint did not ask for a reformation of the contract, yet, under the evi-dence, we are entitled to it, as that issue can be tried in the

same action, to reform the contract and enforce it. (*Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 283.) Parol evidence is admissible to contradict or vary a writing where it is founded in a mistake of material facts, or if it speaks by mistake a different language from what the parties intended, this may be shown in a bill to reform the writing and correct the mistake. (1 Greenl. Ev., §§ 302, 303, 304; *Horner* v. *Guardian Life Ins. Co.*, 67 N. Y. 478; *Penchiser* v. *Phœnix Ins. Co.*, 65 id. 195; *Clark* v. *Dales*, 20 Barb. 64; *Gilbert* v. *Borden*, 6 Lans. 219; *Van Tuyl* v. *West F. Ins. Co.*, 55 N. Y. 657; *Myer* v. *Lathrop*, 73 id. 315, 321; *Albany City Sav'gs Bk.* v. *Burdick*, 87 id. 40; *Waring* v. *Sanborn*, 82 id. 604; *Juliande* v. *Chaffee*, 92 id. 529.) An agreement by parol to modify a written agreement can be made immediately after its execution and before the parties separate. (*Field* v. *Mann*, 42 Vt. 61.) What took place before the writing was executed is proper evidence as bearing on the question of modification. (*Collins* v. *Lester*, 16 Ga. 410.) The cases holding that modification may be made by parol have not engrafted an exception to it that it cannot apply to contracts in writing under the statute of frauds. (*Clark* v. *Dales*, 20 Barb. 43, 63, 64; *Stone* v. *Sprange*, id. 515–16; *Keating* v. *Price*, 1 Johns. Cas. 22; *Young* v. *Hunter*, 2 Seld. 207–8; *Sterns* v. *Hull*, 6 Cush. 31; *McKnight* v. *Dunlop*, 1 Seld. 537; *Vincent* v. *Germond*, 11 Johns. 283; *Marsh* v. *Hyde*, 3 Gray, 331.) If there is only a partial failure of performance by one party to a contract for which there may be a compensation in damages, the contract is not put at an end. (*Franklin* v. *Miller*, 4 A. & E. 599; *Snook* v. *Fries*, 19 Barb. 313; *Sickels* v. *Pattison*, 14 Wend. 257; *Tipton* v. *Fetner*, 20 N. Y. 423; *Whithers* v. *Reynolds*, 2 B. & A. 882.)

ANDREWS, J. The rule that parol evidence is inadmissible to add to or vary the terms of a written contract, precludes evidence of the negotiation which preceded or conversations which accompanied the making of it in relation to the subject-matter thereof, unless necessary to explain ambiguous provisions, the meaning of which cannot be ascertained with cer-

tainty by an inspection of the written instrument. We think the trial judge in his refusals to charge, failed to properly enforce this familiar principle in the law of evidence. By the written contract the plaintiff sold to the defendants two million hard brick, to be delivered "by barge *Relief* and sloop *Clinton*, or other boats of equal capacity, in case *Relief* or *Clinton* is withdrawn, beginning about June 1, 1881, and vessels to run steadily thereafter." The complaint sets forth the written contract, and alleges that it was subsequently modified by a verbal agreement between the parties to the effect that the plaintiff should not be required to deliver more than five hundred thousand brick per month. It then avers a delivery of five hundred and fifteen thousand three hundred and sixty-six brick prior to June 30, 1881, pursuant to the modified contract; that the defendants on that day refused to pay the balance of $945.99 then due for the brick previously delivered, except on the condition that the plaintiff would give security for future deliveries, and alleges performance on the part of the plaintiff, and demands judgment for the sum of $945.99. The defendants in their answer deny that the contract was modified, or that it had been performed by the plaintiff, and as a counter-claim allege a breach of the contract by the plaintiff in not delivering the remainder of the brick contracted for, resulting in damage to the defendants.

It was conceded on the trial that the plaintiff delivered on the contract only the five hundred and fifteen thousand three hundred and sixty-six brick mentioned, and it was insisted in her behalf that she was excused from making further deliveries by the refusal of the defendant on the 30th of June, 1881, to pay the $945.99 except on the condition of giving security for future performance, an obligation not imposed by the contract. The defendants on their part denied that they had exacted security as a condition of making the payments required by the contract, and they insisted that under the contract the plaintiff was bound to deliver to them all brick carried by the "*Relief*" and "*Clinton*," or any vessel or vessels substituted therefor, until the whole quantity provided for by the

contract was supplied, and that the plaintiff prior to the 30th of June, 1881, had broken the contract by delivering to other parties a cargo carried by the "*Carrie Gurnee,*" a vessel which had been substituted for the "*Clinton,*" withdrawn. In support of their counter-claim the defendants proved that on the 30th of June brick had advanced in price, and that up to the last of September the market price in New York was considerably greater than the price fixed in the contract, and that the cargo of the "*Carrie Gurnee*" was delivered to other parties. The plaintiff on the trial anticipated and sought to avoid the defense that deliveries had not been made as fast as required by the contract, by giving proof upon the issue of modification alleged in the answer. In support of this issue she was permitted to show, under objection, that the oral bargain which immediately preceded the signing of the contract, was for the delivery of only five hundred thousand brick in each month, and that immediately after the contract had been presented to and signed by the plaintiff, the plaintiff's agent read it over a second time and called the attention of Martin, who acted in the transaction for the defendants, to the omission of a provision limiting the deliveries to five hundred thousand brick a month; that they then figured up the capacity of the two vessels at five hundred thousand a month, and on Martin's assurance that a delivery of that number each month would be satisfactory to the defendants, nothing further was done, or to use the language of the witness, " we let it go at that." It does not appear that the written contract had been delivered before this conversation occurred. The oral bargain, the drawing and execution of the written contract, and the conversation alluded to took place at the same interview, the whole transaction occupying but a few moments. The plaintiff's agent further testified that he saw Martin a few days afterward and said to him that the contract was not drawn according to the agreement, and that Martin replied, " All you have to do is to send us five hundred thousand brick a month, and we are perfectly satisfied," to which the plaintiff's agent responded " All right."

It is clear that the oral evidence of the bargain and of the

conversation accompanying the making of the written contract, was inadmissible to limit the obligation of the plaintiff thereunder to a delivery of five hundred thousand brick per month. The admission of the evidence for this purpose would be in the very teeth of the settled rule to which we have adverted. The contract made the carrying capacity of the vessels steadily employed, and not a specified number of brick per month, the measure of the deliveries until the whole number should be furnished. It is the clear import of the contract that the plaintiff should make deliveries as fast as they could be made by the designated vessels, running steadily from the time the deliveries were to commence. To engraft upon the writing the limitation indicated by the oral bargain, would be to add a new term to the written contract qualifying its plain meaning. The trial judge, in admitting the evidence, recognized the general principle of the inadmissibility of parol evidence to vary a written contract, but put his ruling upon the ground that the evidence was competent upon the issue of modification. The evidence of what was said when the writing was executed did not *per se* tend to establish this issue. That a written contract may be modified by a subsequent new and distinct oral agreement, upon a new consideration, is unquestionable. (Greenl. Ev., § 303.) But the oral evidence of the bargain and of the explanation accompanying the execution of the written contract, instead of showing a modification of the writing, tends to show simply that the writing never expressed the real agreement of the parties, and that the plaintiff, knowing the contents of the writing, assented to let it stand unaltered on the assurance of Martin that a delivery of five hundred thousand brick a month would be accepted in lieu of performance according to its terms. The evidence might, perhaps, be pertinent in an action for the reformation of the written contract, but this relief was not within the scope of the case made by the complaint, and the case was tried by the plaintiff upon the theory that the non-delivery of the cargo of the " *Carrie Gurnee* " was justified by the verbal agreement. The case was presented to the jury in this aspect.

Assuming that the oral evidence of the bargain and of the conversation between the parties, contemporaneous with the writing, was competent by way of giving color and support to other evidence tending to show a subsequent modification, the court, we think, erred in refusing to charge certain propositions presented by the counsel for the defendants. He was requested to charge that what took place between the parties, previous to or at the time of the execution of the written contract, was inadmissible to vary or modify it, and that to establish a modification it must be shown that there was a new agreement made subsequent to the execution and delivery thereof. The court was also requested to charge that if the evidence, on which the alleged modification of the written contract depends, is only of what took place contemporaneously with the execution of the written contract, then no modification had been shown. The court refused to charge either of these propositions, and the counsel for the defendants excepted. We think the defendants were entitled to these instructions. The only evidence tending to show a modification of the written agreement subsequent to its execution is found in the testimony of the plaintiff's agent, that at the interview with Martin, ten days or more after the contract was executed, Martin consented to accept a monthly delivery of five hundred thousand brick as a performance of the contract. Such consent, if given, operated until revoked as a waiver of strict performance according to the terms of the written contract. But the defendants' agent, Martin, denied that such an interview took place. Upon this state of the evidence it was important for the defendants that the jury should be explicitly instructed as to the effect of the parol evidence of the oral bargain and the conversation contemporaneous with the writing. That evidence, disconnected with what occurred at the subsequent interview, furnished no excuse for a non-performance of the written contract according to its terms. The trial judge in his charge nevertheless seems to have left it to the jury to determine, upon the parol evidence of the bargain and the contemporaneous conversation, whether the contract had been

modified. In this posture of the case the defendants made the requests to charge, for the purpose of sharply presenting the point, that what occurred on the day and at the time the written contract was executed did not independently constitute a modification. The claim of the counsel for the plaintiff that, assuming that the court erred in its refusal to charge, nevertheless the error was harmless, for the reason that the proof establishes that in the month of June as many brick were delivered by the "*Relief*" and the "*Carrie Gurnee*" as would have been delivered by the "*Relief*" and "*Clinton*," if the latter vessel had not been withdrawn, and that the contract was satisfied by delivering in the aggregate as many brick as these vessels, steadily running, could have delivered, is not tenable. It does not conclusively appear that as many brick were delivered by the "*Relief*" and the "*Carrie Gurnee*" as would have been delivered by the "*Relief*" and the "*Clinton*" during the same time.

For the error in the refusal to charge the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.