Smith, P. J.
The testimony offered by the plaintiff to prove by paroi that Dawson, Symmes and Mitchell, and the plaintiff agreed, in the presence of the defendant Field, that the trestle work should be commenced at the top, was not subject to the rule that paroi evidence may not be given to contradict or vary a written agreement. It is true that the paroi agreement, as offered to be shown, was made during the negotiations which preceded the making of the plaintiff’s written contract with Dawson, Symmes and Mitchell, but to that contract Field was not a party. The rule referred to, applies only to the parties to the written agreement or their privies. Coleman v. National Bank of Elmira, 53 N. Y., 388. And as Field, not being a *14 party to the writing or privy to it, was not bound by it, and might have contradicted it by parol, so the plaintiff is in the like position, as against Field. McMaster v. President, etc., of Insurance Company of North America, 55 N. Y., 222, 234; Sprague v. Hosmer, 82 id., 466, 470.
But we are unable to see that the testimony offered was material to the issue. It had no legitimate bearing upon the question whether Field agreed to pay the additional expense which the plaintiff might incur by beginning the work at the bottom. The appellant’s counsel argues that if the plaintiff took the contract, expecting to begin the work at the top, that was a good reason afforded why Field should agree to relieve him from loss in consequence of a subsequent change.' The agreement amounts to this: That the testimony, if received, might have furnished ground to infer the existence of a motive on the part of Field, from which motive it might be inferred that he made the agreement. The exclusion of testimony having so remote a bearing only, is not error. Besides, under the written contract, the plaintiff was at liberty to begin the work at the top, if he preferred, unless he was directed otherwise by the engineers in charge, and it does nou appear that the engineers gave him any direction on the subject, except to make the change after he had commenced the work.
If the testimony in question had been offered after Field testified that when he first saw plaintiff on the work he did not know that the contract had been sub-let to him but supposed he was foreman in charge for Dawson, Symmes & Mitchell, it might have been competent for the purpose of contradicting Field in that respect, but the offer was made before that testimony was given. So also if it had been offered after the introduction of the contract between the defendants and Dawson, Symmes & Mitchell, which provided that the work should be done as the engineers in charge should direct. Its rejection at the stage of the trial when it was offered was not error.
The admission in evidence of the written contract between the defendants and the firm of Dawson, Symmes & Mitchell was not error. It was competent to show that by that contract, as well as by the later contract between that firm and the plaintiff, the work was to be done under the directions, and to the satisfaction, of the engineer in charge. The fact that the defendants had thus endeavored by their contract to guard against defective and unsatisfactory work, taken in connection with the testimony of the engineers in respect to the reasons which induced them to order the plaintiff to change his method of doing the work, had a direct and important bearing upon the question *15 whether the defendants agreed to pay the extra cost occasioned by the change.
The order should' be affirmed.
Barker, Haight and Bradley, JJ., concur.