(7 Misc. Rep. 633.)

## In re BATEMAN.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. PRINCIPAL AND AGENT—ELECTION TO DEAL WITH AGENT.
   When a party knows the principal, and yet chooses to take the contract of the agent, he is bound by his election, and cannot hold the principal.
2. EVIDENCE—PAROL TO MODIFY WRITING.
   It is as incompetent for a privy as for a party to modify a written agreement by parol evidence.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Claim against the estate of Arthur E. Bateman. The claim was disallowed, and claimant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Rochfort & Stayton, for appellant.

Everett P. Wheeler, for respondent.

PRYOR, J. A claim by appellant against the estate of Bateman, in the hands of an assignee, was referred; and, on the decision of the referee, judgment was entered for the respondent. For reversal,

appellant relies on an exception to the exclusion of evidence; and whether the exclusion be error is the only question for determination. The claim is for the value of bonds alleged to have been held by Bateman in escrow, and which he refused to deliver on performance of the condition. The defense is a denial that the bonds were deposited with Bateman. To prove his case, appellant put in evidence a contract between himself and Hood, whereby, in consideration of the sale of a railway by appellant to Hood, the latter agreed to deliver the bonds to appellant. In the language of his counsel, appellant's contention is:

"That the negotiations leading up to the sale were conducted between himself and Mr. Bateman; that he supposed he was selling the road to Bateman; that, when the contract came to be signed, it was executed in Hood's name, Bateman vouching for Hood; that all the subsequent dealings were with Bateman, and that ten bonds were still to be delivered. At this point, Bateman denies that he holds, or ever held, such bonds, and demands that we produce the mythical Hood to prove an actual delivery of the bonds to Bateman. To meet this, we undertake to show that Bateman was the real and undisclosed principal, and it is our evidence in this behalf which was improperly excluded."

The evidence offered was of prior negotiations, and of the circumstances attending the execution of the contract; and its object was, not to show Hood a myth, but to prove Bateman the principal whom Hood represented. It was excluded on the ground that previous negotiations were merged in the written agreement, and parol evidence incompetent to modify it. Appellant recognizes the rule that oral testimony is inadmissible to add to a written contract, like this, complete in itself, or to explain a written contract, of which, like this, the meaning is explicit, beyond all obscurity or possibility of misapprehension. Broom, Leg. Max. 619; Corse v. Peck, 102 N. Y. 513, 7 N. E. 810; Store-Service Co. v. Hartung (Com. Pl. N. Y.) 19 N. Y. Supp. 233. But he says the case comes within the exceptions that parol evidence is competent to discover an undisclosed principal (Briggs v. Partridge, 64 N. Y. 357, 362), and that a written contract is conclusive only between parties and privies, whereas his controversy is with a stranger to the instrument. Coleman v. Bank, 53 N. Y. 388. Manifestly, upon the principle of neither exception was the evidence allowable. Where a party contracts with an agent as such, in ignorance of the existence of a principal, he may, on discovering the principal, elect to hold him. But, if he know the principal at the time of the contract, and yet chooses to engage with the agent, he is estopped afterwards to go against the principal. So much is implied in the terms of the proposition that a party may pursue an undisclosed principal; and, indeed, the rule is elementary, neither needing nor permitting citation of authority in its support. If Bateman was the principal of Hood, appellant knew it at the time. He says so. "He supposed he was selling the road to Bateman. When the contract came to be signed, it was executed in Hood's name." Bateman was present. With knowledge of the principal, appellant chose to contract with the agent, and he is bound by his election. Bish. Cont. § 1085. Evidence, therefore, to hold Bateman as principal, was clearly incompetent.

Neither was the evidence admissible on the principle that a written contract concludes only parties and privies. Upon this point, appellant assumes a position which is the negation of his former contention. Then he said Bateman, as principal, was party to the contract made by his agent. Now he insists that he may modify the contract by parol, because Bateman is a stranger to it. In truth, neither proposition is correct. Bateman was not a party, nor yet a stranger, to the contract; but, on appellant's theory of the case, Bateman was a privy to the contract. In the brief, counsel for appellant opens with the statement that "the claimant alleges that these bonds were held in escrow for him by Mr. Bateman, and that, the condition having been performed, he is entitled to the bonds, or their value." To support this contention, appellant put the contract in evidence, and essayed to show that Bateman held the bonds upon the terms and conditions of the contract, and that, by those terms and conditions, he should have delivered the bonds to appellant. This makes Bateman, in the strictest sense, a privy to the contract; as much bound by its terms and conditions as if he were formally a party to it; bound, however, not as the principal of Hood, but as the bailee to whom, under the contract, the bonds were intrusted. The case, then, is within the rule, not the exception, and the written contract was conclusive between appellant and Bateman. It was not competent to appellant to show by parol that Bateman held the bonds on any other terms or conditions than as stipulated in the written agreement, and the referee rightly rejected the offer. But, assuming the exclusion of the evidence unwarrantable, still the judgment must stand. By the finding of the referee that Bateman never held the bonds, the decision was inevitably against the appellant, whatever the determination upon other issues. The error, then, was of no prejudice to the appellant. In any aspect of the case, therefore, the exception on which appellant relies is futile. The findings of fact are supported by the evidence, and, from them, judgment for the respondent is a necessary conclusion. Judgment affirmed, with costs. All concur.