GEORGE ROPES, Respondent, *v.* WILLIAM H. ARNOLD, Appellant, Impleaded, etc.

*Appeal from a judgment only — what questions are presented thereby — effect of asking the direction of a verdict — principal and agent — parties on whose behalf a written contract is made, though not named therein, chargeable thereunder — terms of a written agreement — contract made by correspondence, explained by oral evidence.*

Where an appeal is taken from a judgment rendered upon a verdict directed by the court, if no motion is made for a new trial, there is presented for review on such appeal simply the exceptions taken upon the trial of the action.

Where one of the parties to an action, having made no request to submit any question of fact to the jury, moves for the direction of a verdict in his favor (the adverse party having moved for a direction of a verdict in his favor), he consents that the court shall pass upon whatever disputable inferences of fact may be deducible from the testimony. The party against whom a verdict is so directed cannot be heard to complain if the court, as will be presumed on appeal, resolved such inferences so as most strongly to support the verdict directed; and if there be evidence tending to support the version of the party in

whose favor the verdict was directed, even though susceptible of different inferences, the verdict directed and the judgment rendered therein will be sustained on appeal.

In an action upon a written contract not under seal, extrinsic evidence may be given to show that it was made on behalf of parties other than those whose names appear in or are signed to the instrument, and such other parties may be charged with the provisions thereof in such action. An action can be maintained against a principal upon a contract for the sale of goods made by an agent in his own name.

When oral evidence is necessary to disclose fully the terms of an alleged agreement contained in correspondence, such evidence is admissible to show the terms of the contract.

The rule forbidding oral evidence of an agreement in writing applies only to the parties thereto or their privies.

Appeal by the defendant, William H. Arnold, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*George A. Black,* for the appellant.

*George S. Hamlin,* for the respondent.

O'Brien, J. :

The action was brought against the members of the firm of Arnold, Hines & Co. and the members of the firm of Herron & Spencer, to recover damages for refusal to perform a written contract to receive and pay for a quantity of dates alleged to have been sold to the two firms jointly. The defense was that the dates were purchased, not by Arnold, Hines & Co., but by Herron & Spencer. Evidence to sustain the complaint was offered, and, after the plaintiff rested, the defendant, without offering any testimony, moved to dismiss the complaint on its face, and also upon the evidence, which motions were denied and exceptions taken. Prior to these motions the plaintiff had asked for a direction in his favor, and, after the denials of the motions to dismiss the complaint, the defendant asked for a direction in his favor, which latter motion was denied and an exception taken ; the plaintiff's motion was granted, and a verdict was directed in favor of the plaintiff. No motion for a new trial was made and no order denying such motion entered, the appeal being

from the judgment, which, under the authorities, presents for review simply the exceptions taken upon the trial.

The exceptions that are urged with most force are those taken to the refusal to dismiss, both upon the complaint and subsequently upon the evidence, the claims advanced being that there was a variance between the pleading and the proof, and that there was a total failure upon the evidence to prove the cause of action.

In support of the plaintiff's allegation that the defendants, including the firm of Arnold, Hines & Co., entered into an agreement in writing, a contract was produced, signed by Herron & Spencer. This, however, was supplemented by the testimony of plaintiff's witness Herron, that after an arrangement made between the firms for a joint transaction in dates, he purchased for account of both, signing such contract, however, by his own firm name. It being conceded that there was a contract in writing, the question is, under the pleadings, whether it could be shown that persons other than those appearing to sign the contract were parties thereto. This question we do not regard as new, it having been held in many cases that in an action upon a written contract not under seal, extrinsic evidence may be given to show that a contract was made on behalf of parties other than those whose names appear in or are signed to the instrument, and to charge such other parties. (*Dykers* v. *Townsend*, 24 N. Y. 61; *Coleman* v. *First Nat. Bank*, 53 id. 388; *Briggs* v. *Partridge*, 64 id. 362; *Nicoll* v. *Burke*, 78 id. 581.) As said in *Dykers* v. *Townsend* (*supra*): "It seems to have been too long and too well settled, that an action can be maintained against a principal upon a contract for the sale of goods made by an agent in his own name, to be now changed, whatever we may have thought of it as an original question." The court, therefore, was correct in its ruling in refusing to dismiss the complaint upon this ground.

It appears that in addition to the testimony of Herron the correspondence between his firm and that of the appellant was produced, and upon this evidence both parties, without asking to have any question submitted to the jury, requested a direction in their favor. As said in *Johnston* v. *Trask* (40 Hun, 417): "The defendants having made no request to submit any question of fact to the jury, and having moved for the direction of a verdict in their favor,

they consented that the court should pass upon whatever disputable inference of fact might be deduced from the testimony. They, therefore, cannot be heard to complain if the court, as will be presumed on appeal, resolved such inferences so as most strongly to support the verdict directed." (See, also, *Dillon* v. *Cockcroft*, 90 N. Y. 650; *Gregory* v. *Mayor*, 113 id. 416.) There being evidence tending to support the plaintiff's version, even though susceptible of different inferences, we have no right to resolve these in defendant's favor, but must, under well-settled rules of law, draw them most favorably to sustaining the direction made by the court, where such direction has been made at the request of both parties for a direction in their favor.

It is insisted, however, that error was committed in the reception of evidence relating to the oral negotiations between Arnold, Hines & Co., and Herron & Spencer, because these were all merged in the contract in writing between them, evidenced by three letters, and that parol evidence thereof was inadmissible. The plaintiff correctly answers this objection by urging that the letter referred to was not produced nor was it shown that it contained the terms of the verbal agreement; oral evidence, therefore, was admissible. Afterwards when the letter was put in evidence no motion was made to strike out the oral evidence. Again, the letters referred to when produced did not cover or purport to cover the whole agreement, and in order to disclose fully the terms of the original agreement, oral evidence was necessary and under the authorities admissible. (*Chapin* v. *Dobson*, 78 N. Y. 74.) And further, the written agreement was not between the parties to this action, or those with whom they were in privy, the rule forbidding oral evidence of an agreement in writing applying only to parties or their privies. (*Coleman* v. *First Nat. Bank*, 53 N. Y. 388.)

The other exceptions, being clearly untenable, need not be discussed.

We think that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.