(31 Misc. Rep. 724.)

### DAVIS v. LYNCH.

(Supreme Court, Appellate Term.   June 3, 1900.)

UNDISCLOSED PRINCIPAL—ACTION.
   Although the contract in suit was signed by defendant's agent, defendant may nevertheless be sued thereon where the proofs justify the finding that defendant was the real principal, and was so regarded by both parties.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Albert W. Davis against Therese Lynch on a contract. From an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Max Bayersdorfer (Jacob H. Corn, of counsel), for appellant.
Maurice Mayer, for respondent.

O'GORMAN, J.   Although the written contract in question was signed by George M. Lynch, there is sufficient in plaintiff's proofs to justify the finding that George M. Lynch was at the time acting as the defendant's agent, and was so regarded by both parties. It was, therefore, error to grant the defendant's motion to dismiss the complaint. If an agent possessing due authority makes a contract in his own name, his principal, whether known or unknown, may be sued thereon, unless from the attendant circumstances it is the clear intent of the parties that exclusive credit is given to the agent, and that no resort shall in any event be had against the principal. Story, Ag. § 160a; Coleman v. Bank, 53 N. Y. 393; Hall v. Lauderdale, 46 N. Y. 70. We are aware that a contrary rule was declared in Re Bateman, 7 Misc. Rep. 633, 28 N. Y. Supp. 36, but the statement of the law there made is not in harmony with the authorities. Although that case was affirmed by the court of appeals, the judgment was upheld on other grounds.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.