### BURNS BROS. v. ROYAL BANK OF NEW YORK.

(Supreme Court, Appellate Term.    April 8, 1911.)

PRINCIPAL AND AGENT (§ 133*) — SALE TO AGENT ON AGENT'S CREDIT—LIABILITY OF PRINCIPAL.

It being apparent that plaintiff, when making a sale to A., gave exclusive credit to it, the article having been charged to A., and the bill therefor sent to it, A.'s principal, whether or not known at the time of the sale, cannot be held for the price.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 472–475, 500; Dec. Dig. § 133.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Burns Bros. against the Royal Bank of New York. From a judgment for plaintiffs, after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Samuel Packard, for appellant.
Hillquit & Levene, for respondents.

BIJUR, J.    This case was tried on an agreed state of facts, from which it appears that plaintiffs furnished coal for use in a building; that defendant was the assignee of the rents of the building, such assignment having been made as security for a loan; that the defendant authorized the Ætna Bond & Realty Company to collect the rents, and directed it, if necessary, to purchase coal out of the rents.

Plaintiff, who had dealt with the Ætna Company previously, and had sold it coal for other buildings for which the Ætna Company had been agents, sold, delivered, and charged the coal involved in this appeal to the Ætna Company and sent the bill for the same to the Ætna Company. Suit is brought against the defendant as the actual or discovered principal; but it seems quite apparent that exclusive credit in this case was given to the Ætna Company, and that, under such circumstances, the principal, whether known or unknown at the time,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cannot be held. See Davis v. Lynch, 31 Misc. Rep. 724, 65 N. Y. Supp. 225, and cases therein cited.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. LEHMAN, J., concurs in the result.